UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO VASQUEZ-VEGA,<br><br>Defendant. | No. 1:09-cr-00272-DAD-BAM-18<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)<br><br>(Doc. No. 371) |

On May 25, 2016, defendant Sergio Vasquez-Vega filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his previously imposed sentence based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. (Doc. No. 371.) The government has opposed defendant's motion on the basis that, since defendant was sentenced based upon the career offender guideline set forth at U.S.S.G. § 4B1.1 and § 4B1.1 has not been lowered, the advisory sentencing guidelines would provide for the same offense level and the same sentencing range as originally calculated in his case despite application of Amendment 782. (Doc. No. 384, at 3.)[1]

---

[1] On May 28, 2016, the court granted the Federal Defender's Office ninety days to supplement defendant's pro se motion or to notify the court that it did not intend to file a supplement. (Doc. No. 372.) On July 19, 2016, the Federal Defender's Office filed notice with the court that no supplement to the motion would be filed on defendant's behalf. (Doc. No. 382.)

1

The government's argument is persuasive. For the reasons set forth below, the court will deny defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In defendant's case the presentence report ("PSR") found that the amount of controlled substance attributable to his criminal conduct amounted to the marijuana equivalent of 1,870.1 kilograms, which would have resulted in a base offense level of 32. (PSR at 10.) However, the PSR found that the defendant was at least 18 years old at the time of the offense of conviction, the offense of conviction was a felony that was either a crime of violence or a controlled substance offense, and the defendant had at least two prior felony convictions for either a crime of violence or a controlled substance offense. (*Id*. at 11.) Therefore, the defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1 and a corresponding adjusted offense level of 37. (*Id*.) The PSR then applied a three-level reduction due to the defendant's acceptance of responsibility, resulting in a total adjusted offense level of 34. (*Id*.) Based upon this total offense level of 34 and a criminal history category of VI, the PSR concluded that the advisory sentencing guidelines called for a sentence of 262 to 327 months imprisonment. (*Id*. at 15.) The PSR recommended that the defendant be sentenced to a term of imprisonment at the low end of the advisory

guideline range — a term of 262 months imprisonment.  (*Id*. at 23.)

On November 4, 2013, the court adopted the findings of the presentence report without change.  Nonetheless, the court departed downward and sentenced defendant to a 170-month term of imprisonment on the count of conspiracy to distribute and to possess with intent to distribute heroin, and aiding and abetting the same in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2.  (Doc. No. 319, at 1–2.)  Thereafter, an amended judgment was entered.

Defendant now moves to reduce his sentence.  However, Amendment 782 has not reduced the sentencing guideline range calculation applicable to defendant because the applicable guideline range in his case was fixed by reference to the career offender guidelines.  *See* USSG 4B1.1.  While the amended Drug Quantity Table of U.S.S.G. § 2D1.1 has lowered his drug guideline to 30, defendant is still subject to § 4B1.1 and § 4B1.1 has not been amended or modified since his sentencing.  The sentencing court never made a finding that the career offender status overstated the seriousness of defendant's criminal history.  *See United States v. Wesson*, 583 F.3d 728, 732 (9th Cir. 2009) (holding that defendant who was sentenced as a career offender was not eligible for sentence reduction but noting that if career offender status overstated seriousness of defendant's criminal history and the sentencing range was premised on the § 2D1.1 base offense level, then the "conclusion might be different.")  Accordingly, the advisory sentencing guidelines continue to call for the same sentencing range today as it did prior to the adoption of Amendment 782.

Because the pertinent sentencing guideline amendment does not result in a different advisory sentencing guideline range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).  *See United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

/////

/////

/////

For all of the reasons set forth above:

1.) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 371) is denied; and

2.) The Clerk of the Court is directed to terminate defendant and close this case.

IT IS SO ORDERED.

Dated: __August 4, 2016__   _____
UNITED STATES DISTRICT JUDGE